FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

JUL 19 2010

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HINAL A. PATEL, | No. 05-71627 |
| Petitioner, | Agency No. A075-491-301 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2009[**]
Pasadena, California

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

Hinal A. Patel ("Patel"), a native and citizen of India, petitions for review of

an order of the Board of Immigration Appeals affirming without opinion a decision

of an immigration judge ("IJ") denying his application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief pursuant to the Convention Against Torture ("CAT"). Patel also seeks review of the IJ's finding that he filed a frivolous application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review Patel's claims for asylum, withholding, and CAT relief for substantial evidence. *See Singh v. INS*, 134 F.3d 962, 966, 971 n.16 (9th Cir. 1998) (asylum and withholding); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (CAT relief). We review under the preponderance of the evidence standard the IJ's finding that Patel filed a frivolous application. *See Ahir v. Mukasey*, 527 F.3d 912, 918-19 (9th Cir. 2008) (adopting the standard established by *In re Y-L-*, 24 I. & N. Dec. 151, 159 (B.I.A. 2007)). Applying these standards, we deny the petition for review.

Substantial evidence supported the IJ's adverse credibility finding. The IJ focused on three major faults in Patel's application for relief and his testimony. First, the IJ stated that Patel had failed to present credible evidence of his identity. He entered the United States under the name of Abdullah Bodhiniya, using another person's passport. He had previously entered Great Britain under the name of Grupa Singh, using Singh's passport. While in Great Britain, he was arrested and convicted of attempting to depart the country using another person's passport. At his removal hearing in the United States, the only documentary evidence of identity produced by Patel was an Indian passport showing his address to be a location in

2

Texas where Patel had not lived. On this record, the IJ could well entertain doubts about Patel's identity.

The second ground of the IJ's adverse credibility determination concerned Patel's statement in his application that he had been persecuted by the political party in power in his home province of Gujarat, India, and that he feared to return as long as that party was in power. At the time of his application and at the time of Patel's hearing, however, the party that allegedly had persecuted Patel had been succeeded in power, in Gujarat and nationally, by Patel's party, the Bhartiya Janata Party ("BJP"). Patel nevertheless testified that he feared to return. He was also vague in his descriptions of his party and its leadership.

Finally, Patel's application form asked him to relate whether he had ever been arrested, detained or convicted. He told the IJ that he had reviewed his application and understood it. In the application, he stated that he had endured several days' detention and beatings in India, but did not mention his arrest and incarceration in Great Britain for fraudulent use of a passport. In his testimony, he stated that he had simply forgotten that incident.

In light of these major discrepancies or false statements, the IJ had ample reason to enter his adverse credibility finding. Patel's explanations for these discrepancies or false statements was unconvincing. These credibility deficiencies

3

went to the heart of his claims for relief. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).

The IJ's adverse credibility finding accordingly is supported by substantial evidence. It is sufficient to defeat Patel's claims for asylum and withholding of removal. *See Chebchoub v. INS*, 257 F.3d 1038, 1042-44 (9th Cir. 2001). Although the adverse credibility finding alone does not necessarily defeat Patel's claim for relief under the Convention Against Torture, *see Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001), substantial evidence, including the evidence of country conditions in India, supports the IJ's finding that it was not more likely than not that Patel would be tortured if removed to India. *See* 8 C.F.R. § 1208.16(c)(2).

Finally, the IJ's finding that Patel filed a frivolous application for asylum is well supported by the record. Patel made at least two significant and material misrepresentations in his application, both of which the IJ found to have been deliberately fabricated. Those findings are supported by a preponderance of the evidence. *See In re Y-L-*, 24 I. & N. Dec. at 157 (stating preponderance standard). The IJ gave Patel ample notice of the consequences of these misrepresentations and an opportunity to correct them. *See id.* at 155. No sufficient correction was made.

**PETITION FOR REVIEW DENIED.**

4

*Patel v. Holder*, Case No. 05-71627
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

FILED

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS